Approved:  _____
           Stephanie Simon
           Assistant United States Attorney

Before:    THE HONORABLE JUDITH C. McCARTHY
           United States Magistrate Judge
           Southern District of New York

------------------------------------X
                                    :    21mj10891
UNITED STATES OF AMERICA            :    COMPLAINT
                                    :
                                    :    Violations of 18 U.S.C.
      -v-                           :    §§ 2252A (a)(2)(B),
                                    :    (a)(5)(B), (b)(1) and
JASON CHOW,                         :    (b)(2)
                                    :
              Defendant.            :    COUNTY OF OFFENSES:
                                    :    Rockland, New York
------------------------------------X

SOUTHERN DISTRICT OF NEW YORK, ss.:

   PAO MEI FISHER, being duly sworn, deposes and says that she is a Special Agent with the Federal Bureau of Investigation ("FBI") and charges as follows:

COUNT ONE
(Receipt and Distribution of Child Pornography)

   1.  On or about October 6, 2021, in the Southern District of New York and elsewhere, JASON CHOW, the defendant, being a person who has a prior conviction under chapter 110 of Title 18, knowingly received and distributed material containing child pornography that had been mailed, and using means and facilities of interstate and foreign commerce shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, to wit, CHOW, using an application on his Internet-enabled cellular telephone, in Manhattan, New York, sent and received files of child pornography, including images of prepubescent children engaged in sexual activity.

(Title 18, United States Code, Sections 2252A(a)(2)(B) and (b)(1).)

COUNT TWO
(Possession of Child Pornography)

2.      Between on or about July 4, 2021 and or about October 6, 2021, in the Southern District of New York, JASON CHOW, the defendant, being a person who has a prior conviction under chapter 110 of Title 18, knowingly did possess, and knowingly did access with intent to view, a book, magazine, periodical, film, videotape, computer disk, and other material containing an image of child pornography that had been mailed, and shipped and transported using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, to wit, CHOW possessed in Rockland County and Manhattan, New York, on his Internet-enabled cellular telephone, numerous files of child pornography, including images of prepubescent children engaged in sexual activity.

(Title 18, United States Code, Section 2252A(a)(5)(B) and (b)(2).)

The bases for my knowledge and for the foregoing charges are as follows:

3.      I am a Special Agent with the Federal Bureau of Investigation ("FBI"). I have been a Special Agent with the FBI since January 2017. As part of my duties, I have conducted and participated in numerous investigations of criminal activity involving crimes against children, including the receipt, possession, and/or distribution of child pornography by electronic means, sexual exploitation, and enticement of minors. I have gained expertise in these areas through training and daily work related to conducting these types of investigations. I also have experience executing search warrants, including search warrants for physical premises and electronic evidence.

4.      I have been personally involved in the investigation of this matter, and I am familiar with the information contained in this Complaint based on my own personal participation in the investigation, my review of documents, conversations I have had with other law enforcement officers about this matter, my training and experience, and numerous discussions I have had with other law enforcement personnel concerning the creation, distribution, and proliferation of child pornography. Because this Complaint is being submitted for the limited purpose of

establishing probable cause to arrest the defendant, I have not included the details of every aspect of the investigation. Where actions, conversations, and statements of others are related herein, they are related in substance and in part, except where otherwise indicated.

## Definitions

5. The following terms have the indicated meaning in this Complaint:

    a. The terms "minor," "sexually explicit conduct," and "visual depiction," as used herein, are defined as set forth in Title 18, United States Code, Section 2256.

    b. The term "child pornography," as used herein, is a visual depiction of a minor involved in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(8).

    c. "Computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device. See 18 U.S.C. § 1030(e)(1).

## Technical Background

6. Based on my training and experience, and my review of publicly available information, I know the following:

    a. Telegram is a cloud-based messaging application that allows its users to send text and voice messages, make voice and video calls, and share images and videos, and more from within the application on any compatible telephone, tablet, or computer. Users can also create groups, to facilitate communication with up to 200,000 other users at the same time, or channels, which can broadcast messages to an unlimited number of users. See Telegram FAQ, https://telegram.org/faq.

    b. Messages, photos, and videos sent over Telegram cloud chats are securely encrypted, which makes it difficult for third parties to access the data. Further, any user in a chat can delete a message for all participants. See id.

    c. While Telegram has many legitimate uses, because users may believe that features of Telegram assist in avoiding

3

law enforcement detection, Telegram is also a common place for individuals to engage in criminal activity, including the distribution of child pornography.

### The Investigation

7. Based on my discussions with a U.S. Probation Officer ("Probation Officer-1") and my review of reports and records, I am aware that:

   a. The U.S. Probation Office, when required by terms of a supervisee's supervised release, will install monitoring software on a device approved for use by the supervisee. As part of Probation Officer-1's duties and responsibilities, Probation Officer-1 may periodically monitor a supervisee's usage of a monitored device.

   b. On or about June 5, 2020, JASON CHOW, the defendant, began serving a term of supervised release in connection with a November 2009 conviction for attempted receipt of child pornography, in violation of Title 18, United States Code, Section 2252A(a)(2)(B) and (b)(1), and possession of child pornography, in violation of Title 18, United States Code, Section 2252A(a)(5)(B) and (b)(2). *See United States v. Jason Chow*, No. 7:09-cr-165 (KMK)(S.D.N.Y.).

   c. The terms of CHOW's supervised release include that CHOW (1) "shall submit [his] person, and any property, residence, vehicle, papers, computer, other electronic communication, data storage devices, cloud storage or media, and effects to a search by any United States Probation Officer, and if needed, with the assistance of any law enforcement"; (2) "shall permit the U.S. Probation Office to install any application or software that allows it to survey and/or monitor all activity on any computer(s), automated service(s), or connected devices that the defendant will use during the term of supervision and that can access the internet (collectively, the 'Devices'), and the U.S. Probation Office is authorized to install such applications or software"; (3) "must allow the probation officer to conduct initial and periodic unannounced examinations of any Device(s) that are subject to monitoring"; (4) "must provide the U.S. Probation Office advance notification of planned use of any Device(s), and will not use any Device(s) without approval until compatibility (i.e., software, operating system, email, web-browser) is determined and installation is completed"; and (5) is "restricted from viewing, accessing, possessing, and/or downloading any sexually explicit material involving minors." *Id.*, ECF No. 22.

d. In or about June or July 2021, CHOW notified the probation officer supervising him at the time that he had obtained a cellular telephone ("Phone-1"). On or about July 20, 2021, consistent with the terms of CHOW's supervised release, the U.S. Probation Office installed monitoring software on Phone-1.

e. On or about October 5, 2021, Probation Officer-1, using the monitoring software installed on Phone-1, observed on Phone-1 numerous images and videos depicting prepubescent children engaging in sex acts.

8. On or about October 6, 2021, law enforcement located JASON CHOW, the defendant, in Manhattan, New York. Phone-1 was found on CHOW's person. Another law enforcement officer involved in the investigation ("Officer-1") and I asked CHOW to speak with us. CHOW was read his Miranda rights and waived these rights. In response to questions from Officer-1 and myself, CHOW stated, in substance and in part, that:

a. He was the sole user of Phone-1;

b. He was aware that Phone-1 had monitoring software installed on it, which permitted law enforcement to monitor his usage of Phone-1;

c. He had the Telegram application installed on Phone-1, with a particular username and display name ("Telegram Account-1");

d. Beginning in or around June or July 2021, and up to and including on or about October 6, 2021, he received approximately 100 sexually explicit images or videos of minors per week over Telegram;

e. He used search terms such as "GIRL TALK," "GIRL LOVE,""GIRLS ONLY, NO BOYS" and "THE CLIMAX" to find Telegram groups or channels in which sexually explicit images and videos of minors were distributed;[1]

f. Once permitted to access a Telegram group or channel in which sexually explicit images and videos of minors were distributed, he would receive such images and videos

---

[1] Based on my training and experience, I know that the search terms referenced by CHOW are terms commonly associated with child pornography and used by those looking for child pornography online.

5

through both the group or channel, as well as private messages with other users who participated in the group or channel;

g. After viewing sexually explicit images and videos of minors over Telegram, he would sometimes delete the images and videos; and

h. Phone-1 was the only device on which he would view sexually explicit images and videos of minors.

9. I have reviewed data generated by the computer monitoring software installed on Phone-1 (the "Software"), which details, among other things, screen captures of images and videos viewed on Phone-1, and the date and time those files were on Phone-1. Many of these files contain images of children, including prepubescent children, engaging in sexually explicit activity. Among the files the Software shows were on Phone-1 are the following, each of which depicts child pornography:

a. <u>Video-1</u>. Filename: 6081251489.mp4; a 41 second video, depicting a naked prepubescent girl lying on her back, with an adult finger touching her vagina and anus. The Software reflects that Video-1 was on Phone-1 on or about July 4, 2021, at approximately 10:58 a.m. EST.

b. <u>Video-2</u>. Filename: 6081252010.mp4; a 3 minute, 45 second video, depicting a prepubescent girl with her genitals exposed, while an adult man's penis is inserted into her vagina and anus. The Software reflects that Video-2 was on Phone-1 on or about August 14, 2021, at approximately 8:24 p.m. EST.

c. <u>Video-3</u>. Filename: 3a30713a-0691-4a44-84aa-565e89adbb5a_VIDEO_20210911002033.000000_dcb6e729-ab15-3d63-ba3a-9dfda884a7e8_ANDROID_1.0; a 2 minute, 42 second video, depicting a prepubescent girl on a bed, with her vagina exposed; the video then shows a prepubescent girl performing oral sex on an adult man, while another prepubescent girl watches; the video then shows the adult man inserting his penis into a prepubescent girl; the video then shows an adult man's penis ejaculating on face of a prepubescent girl. The Software reflects that Video-3 was on Phone-1 on or about September 11, 2021, at approximately 12:20 a.m. EST.

d. <u>Video-4</u>. Filename: 3a30713a-0691-4a44-84aa-565e89adbb5a_VIDEO_20210911002038.000000_44639029-bcc0-3005-9ccf-846ef57ccb69_ANDROID_1.0; a 1 minute, 22 second video, depicting a naked prepubescent child from the back, with an adult man's penis being inserted into the child's anus. The

6

Software reflects that Video-4 was on Phone-1 on or about September 11, 2021, at approximately 12:20 a.m. EST.

10. Consistent with the conditions of CHOW's supervised release, law enforcement also searched Phone-1. Based on my review of the contents of Phone-1, including Telegram Account-1, I am aware that:

    a. On or about October 6, 2021, Telegram Account-1 exchanged messages with another Telegram user ("Telegram Account-2") on the Telegram application. At or around 6:30 p.m., Telegram Account-2 messaged Telegram Account-1 in part "I have plenty of 3-14 reg"; Telegram Account-1 responded in part "Ok, 0-12, fucking and sucking harder, forced, pls." Based on my training and experience, and my participation in this investigation, I believe that Telegram Account-1 was requesting that Telegram Account-2 send images of children under the age of 12 engaging in sexually explicit activity.

    b. At or around 6:35 p.m., Telegram Account-2 sent 13 video files to Telegram Account-1. Many of these files contain images of children, including prepubescent children, engaging in sexually explicit activity. Among the files that Telegram Account-2 sent to Telegram Account-1 are the following, each of which depicts child pornography: a video depicting an infant child, with an adult man forcing his penis into the child's mouth (Video-5); and a video depicting a naked infant girl, bound with ropes, with an adult man masturbating and ejaculating onto the child, and then sticking his finger in the child's vagina (Video-6).

    c. At or around 6:48 p.m., Telegram Account-2 sent to Telegram Account-1 an image depicting child pornography; specifically, an image of what I believe, based on my training and experience, and my participation in this investigation, to be a prepubescent girl's vagina (Image-1).

11. Based on my review of historical cell site records associated with Phone-1, I am aware that:

    a. Phone-1 was in Rockland County, New York, on or about July 4, 2021, at approximately 10:58 a.m. EST; on or about August 14, 2021, at approximately 8:24 p.m. EST; and on or about September 11, 2021, at approximately 12:20 a.m. EST. In other words, Phone-1 was in Rockland County at or around the date and times that the Software reflects that Video-1, Video-2, Video-3, and Video-4 were on Phone-1.

b. Phone-1 was in Manhattan, New York, on or about October 6, 2021, at approximately 5:37 p.m. EST, and between approximately 6:44 p.m. and 6:59 p.m. EST. In other words, Phone-1 was in Manhattan at or around the date and time that Telegram Account-1 received Video-5, Video-6, and Image-1 from Telegram Account-2.

12. Based on my review of criminal history records associated with JASON CHOW, the defendant, I am aware that on or about November 5, 2009, CHOW was convicted in this District of attempted receipt of child pornography, in violation of Title 18, United States Code, Section 2252A(a)(2)(B) and (b)(1), and possession of child pornography, in violation of Title 18, United States Code, Section 2252A(a)(5)(B) and (b)(2). *See United States v. Jason Chow*, No. 7:09-cr-165 (KMK)(S.D.N.Y.). On or about July 6, 2010, the Honorable Kenneth M. Karas sentenced CHOW to 84 months' imprisonment to be followed by a term of supervised release. *See id.*, ECF No. 13.

WHEREFORE, the deponent respectfully requests that JASON CHOW, the defendant, be arrested, and imprisoned or bailed, as the case may be.

/s/ Pao Mei Fisher by JCM with permission
PAO MEI FISHER
Special Agent
Federal Bureau of Investigation

Sworn to me through the transmission of this Affidavit by reliable electronic means, pursuant to Federal Rules of Criminal Procedure 41(d)(3) and 4.1 on: Nov. 12, 2021

THE HONORABLE JUDITH C. McCARTHY
United States Magistrate Judge
Southern District of New York